**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MAURICE WEATHERSPOON, Civil No. 00-1862 (MJD/ESS)

Petitioner,

v. **REPORT AND RECOMMENDATION**

LOU STENDER,

Respondent.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's pro se application for habeas corpus relief under 28 U.S.C. § 2254. [Docket No. 1]. Respondent has filed a return [Docket No. 4] contending that the petition should be denied. These proceedings have been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(1). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied with prejudice.

**I. BACKGROUND**

On February 28, 1997, Petitioner was charged with criminal sexual conduct in the first degree in violation of Minn. Stat. § 609.342, subd. 1(e)(i) (1996) and terroristic threats in violation of Minn. Stat. § 609.713, subd. 1 (1996). Appellant posted bond on March 12, 1997, and was released on March 13, 1997. Appellant then fled to Chicago, Illinois, and on April 7, 1997, Illinois authorities notified St. Louis county authorities that Petitioner had been arrested on outstanding Illinois charges. A new Minnesota warrant was issued for Petitioner and his bond was revoked due to the pending charges in Illinois. Petitioner's Minnesota case was set for trial, but was repeatedly continued by the trial court because Petitioner was incarcerated in Illinois on the Illinois charges.

MAR 0 2 2001
CLERK

On December 8, 1997, Petitioner pled guilty in Illinois to delivery of controlled substances, and he was sentenced to three years imprisonment in the Illinois Department of Corrections. In January, 1998, the St. Louis County Attorney's office filed a detainer with the Illinois Department of Corrections, pursuant to article III of the Interstate Agreement on Detainers ("IAD"), Minn. Stat. § 629.294 (1996). The detainer notified Petitioner of the untried charges in St. Louis County and his right to request final disposition on those charges. Petitioner completed the necessary forms requesting final disposition of the Minnesota charges within 180 days, and the forms were received by the St. Louis County Attorney's office and the St. Louis County District Court on February 12, 1998.

Minnesota deputies took Petitioner into custody on June 30, 1998. Petitioner was arraigned on July 2, 1998. At the arraignment, Petitioner's counsel informed the court that Petitioner would not be seeking a speedy trial. Petitioner did not inform the Court of his IAD demand. Petitioner's trial was not scheduled before the 180 day requirement for disposition expired on August 11, 1998. Rather, the matter was set on for trial September 1, 1998. A mistrial was granted on September 2, 1998, and the matter was rescheduled for trial on November 12, 1998. Petitioner was tried to a St. Louis County jury, and on November 16, 1998, the jury found him guilty on both charges. On January, 4, 1999, Petitioner was sentenced to 110 months in prison, the presumptive sentence for a severity level eight offense committed by a defendant with a criminal history score of two according to the Minnesota Sentencing Guidelines.

Petitioner appealed his conviction through the Minnesota state court system. On appeal, Petitioner argued that the district court lacked jurisdiction to conduct the trial in his case because the state failed to bring him to trial within the time limit prescribed by the IAD. Petitioner also asserted that the state failed to produce sufficient evidence to prove him guilty beyond a reasonable doubt of

the offenses for which he was convicted. On February 29, 2000, the Minnesota Court of Appeals affirmed Petitioner's conviction. The Minnesota Supreme Court denied review on April 25, 2000. Petitioner subsequently filed a petition for post-conviction relief with the St. Louis County District Court, and that petition was dismissed without a hearing on July 26, 2000.

Before the Court now is Petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Petitioner lists two grounds for relief. First, Petitioner asserts that the statement by his attorney at the arraignment waiving a speedy trial was insufficient to waive the prior written demand for a speedy trial under the IAD, and his conviction was obtained in violation of the time requirements set forth in the IAD. Second, Petitioner asserts that there was insufficient evidence to support his guilt beyond a reasonable doubt.

## II. DISCUSSION

### A. THE TIME LIMITATIONS PRESCRIBED BY THE INTERSTATE AGREEMENT ON DETAINERS ACT (IAD)

Petitioner contends that the district court lacked jurisdiction to conduct the trial in his case because the state failed to bring him to trial within the time limit prescribed by the Interstate Agreement on Detainers Act. The Interstate Agreement on Detainers (IAD) is a compact among forty-eight states, the United States, the District of Columbia, Puerto Rico, and the Virgin Islands, to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. As a "congressionally sanctioned interstate compact" within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction. See Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); Cuyler v. Adams, 449 U.S. 433, 442, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981).

A State seeking to bring charges against a prisoner in another State's custody begins the

proccss by filing a detainer, which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent. See Fex v. Michigan, 507 U.S. 43, 44, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993). After a detainer has been lodged against him, a prisoner may file a "request for a final disposition to be made of the indictment, information, or complaint." Art. III(a). Upon such a request, the prisoner "shall be brought to trial within one hundred eighty days," " provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Ibid. Resolution of the charges can also be triggered by the charging jurisdiction, which may request temporary custody of the prisoner for that purpose. Art. IV(a). In such a case, "trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state," subject again to continuances for good cause shown in open court. Art. IV(c). If a defendant is not brought to trial within the applicable statutory period, the IAD requires that the indictment be dismissed with prejudice. Art. V(c).

In this case, the St. Louis County Attorney's office and the St. Louis County District Court received the necessary forms requesting final disposition of the Minnesota charges within 180 days on February 12, 1998. This began the running of the 180 day period. The 180 day period would expire on August 11, 1998. The arraignment was held within the 180 day period, on July 2, 1998. It is undisputed that at Petitioner's arraignment, his counsel, in response to a question from the court, indicated Petitioner would not be requesting a speedy trial. Further, when the district court later confirmed that no speedy trial demand had been made, neither Petitioner nor his counsel disagreed. The subsequent trial date was set for September 1, 1998, approximately 22 days after the 180 day period had expired. Petitioner and his counsel did not raise the issue of the expiration of the 180 day period upon the receipt of the initial trial date, at the initial September 1, 1998, trial, or at any time

prior to or during Petitioner's second trial in November. The matter was raised for the first time on appeal.

Petitioner contends that he was under no obligation to remind the prosecution or the court of his request for disposition within the 180 days prescribed by the IAD, and argues that his conduct and that of his counsel did not constitute a waiver of his right to a speedy final disposition. However, the United States Supreme Court has found that a defendant implicitly waives the IAD's time limits where his counsel agreed to a trial date outside the limits. See New York v. Hill, 528 U.S. 110, 118, 120 S.Ct. 659, 666, 145 L.Ed.2d 560, 567 (2000) (stating that the time limits may be waived and there is no distinction between a "waiver proposed and a waiver agreed to"). The Supreme Court rejected the argument that waiver of the IAD's time limits requires explicit affirmative conduct. The Court stated:

> We agree with the State that this makes dismissal of the indictment turn on a hypertechnical distinction that should play no part. As illustrated by this case, such an approach would enable defendants to escape justice by willingly accepting treatment inconsistent with the IAD's time limits, and then recanting later on.

Id. In the present case, Petitioner agreed to two trial dates outside the IAD's time limits choosing to voice his objection only after he was convicted. Further, counsel for Defendant represented to the Court that a speedy trial was not sought. Under these facts as applied to the case law, Petitioner waived the IAD's time limits and is not entitled to have a petition for habeas corpus granted on the grounds that the IAD's time limits were allowed to expire.

The Court also finds it significant that Petitioner did not allege that the claimed IAD violation prejudiced his ability to defend at trial or the circumstances of his incarceration. There are cases in other circuits that hold that a petitioner is not entitled to habeas relief where he does not allege that the claimed IAD violation prejudiced his ability to defend at trial or the circumstances of his

incarceration. See Casper v. Ryan, 822 F.2d 1283, 1290 (3d Cir. 1987), cert. denied, 484 U.S. 1012, 108 S.Ct. 714, 98 L.Ed.2d 664 (1998); Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985), cert. denied, 474 U.S. 929, 106 S.Ct. 263, 88 L.Ed.2d 269 (1985)

B. SUFFICIENCY OF THE EVIDENCE

The critical inquiry on habeas review of the sufficiency of the evidence to support a state criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). It is a rare case in which a federal habeas court will disagree with a state court ruling on the sufficiency of the evidence to support a state court criminal conviction. See Moeller v. Attorney General of the State of South Dakota, 838 F.2d 309, 310 (8th Cir. 1988).

Petitioner was charged with criminal sexual conduct in the first degree and terroristic threats. The elements of criminal sexual conduct in the first degree as defined by the trial court were as follows: (1) that the defendant intentionally penetrated the alleged victim; (2) that the penetration occurred without the consent of the alleged victim; (3) that the defendant caused injury to the alleged victim; (4) that the defendant used force or coercion to accomplish the act; and (5) that defendant's act took place on or about February 20, 1997 in St. Louis County. T.244-245. The elements of terroristic threats as defined by the trial court were as follows: (1) that the defendant threatened directly or indirectly to commit a crime of violence; (2) that the defendant made the threat with intent to terrorize another or in reckless disregard of the risk of causing such terror; and (3) that defendant's act took place on or about February 20, 1997 in St. Louis County. T.246. The trial court defined reasonable doubt as follows:

Proof beyond a reasonable doubt is such proof as an ordinary, prudent man or woman

> would act upon in their most important affairs. A reasonable doubt is a doubt based upon reason and common sense. It does not mean a fanciful or capricious doubt, nor does it mean beyond all possible doubt.

T.238.

Applying those standards to the present case, there was sufficient evidence for a rational trier of fact to find the essential elements of the crimes beyond a reasonable doubt. First, the Court considers the charged offense of criminal sexual conduct in the first degree. As the Minnesota Court of Appeals noted, the jury heard the testimony of the alleged victim, T.L. That testimony was partially corroborated by the victim's roommate, Donna Sawyer, who described to the jury T.L.'s statements and actions in the time period immediately following the alleged attack. The jury further heard the testimony of Dr. Schrock who stated that T.L. had marks on her breasts consistent with bite marks, corroborating T.L.'s testimony that she was bitten during the attack. Finally, the jury heard the testimony of Officer Moroney that Petitioner subsequently admitted knowing T.L. and having intercourse with her.

Petitioner contends that the charge of criminal sexual conduct are not supported because of a lack of evidence of physical trauma in T.L.'s vaginal area, and minor inconsistencies in T.L's testimony. He argues that the intercourse was consensual, and that the evidence does not disprove that the intercourse was consensual. It is, however, the jury's function, and not this court's, to weigh the credibility of the witnesses and any such inconsistencies. See United States v. Cole, 449 F.2d 194, 197 (8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972); United States v. May, 419 F.2d 553, 554 (8th Cir. 1969); Smith v. United States, 407 F.2d 356, 358 (8th Cir.), cert. denied, 395 U. S. 966, 89 S.Ct. 2113, 23 L.Ed.2d 753 (1969). We conclude that when viewed in the light most favorable to the prosecution, the evidence was sufficient to sustain Petitioner's conviction. Under the totality of the circumstances, a rational trier of fact could have

found the prosecution's witnesses credible and determined that Petitioner committed the charged offense. A careful review of the trial record supports the Minnesota Court of Appeal's determination that there was sufficient evidence in the present case.

There is also sufficient evidence to support Petitioner's conviction for terroristic threats. T.L. testified that Petitioner pulled her by the hair, bit her breasts, and forcibly penetrated her on February 20, 1997. T. 110-111. She testified that after the attack, Petitioner threatened to kill her if she told anyone what happened. T. 112. T.L.'s roommate corroborated that when she came home she found T.L. frightened, but that neither she, T.L., or T.L.'s mother called the police because they were frightened. T. 169, 185, 188. There is sufficient evidence to support a conviction of terroristic threats. As such, Petitioner is not entitled to habeas corpus relief.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) The petition for writ of habeas corpus [Docket No. 1] be **DENIED**; and

(2) This action be **DISMISSED WITH PREJUDICE**.

Dated: March 2, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.