**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Maurice Weatherspoon,

Petitioner,

v. **ORDER**
Civ. No. 00-1862 (MJD/ESS)

Lou Stender,

Respondent.

---

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge E. S. Swearingen, dated March 2, 2001. No objections have been filed to that Report and Recommendation in the time period permitted. Based upon the Report and Recommendation of the Magistrate Judge, and all of the filed, records, and proceedings herein, the Court ADOPTS the Report and Recommendation.

Petitioner moves the Court for a certificate of appealability, to allow appeal of this Court's denial of Petitioner's habeas corpus petition. An applicant's appeal of a final order in a habeas corpus proceeding brought pursuant to 28 U.S.C. §2255 may not proceed unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(B).

In order for a certificate of appealability to issue, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); Hohn v. United States, 99 F.3d 892 (8th Cir. 1996). The Court concludes that Petitioner has failed to make such a showing. Therefore a certificate of appealability is not warranted in this case.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus [Docket No. 1] be DENIED;

FILED JUN 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. This action be DISMISSED WITH PREJUDICE;

3. Petitioner's motion for a certificate of appealability be DENIED.

Let judgment be entered.

Dated: 6-14, 2001.

Michael J. Davis

Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** June 15, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.